Allen, J., (dissenting.)
By the Revised Statutes assignments of mortgages are within the provisions, and assignees of mortgages within the protection, of the recording acts. Every “ conveyance of real estate within this State ” is required to be recorded, under the penalty of being absolutely void as against “ any subsequent purchaser in good faith, and for a valuable consideration, of the same real estate.” (1 R. S., p. 756, § 1.) The term “ real estate,” as used in the act, is declared to be co-extensive in meaning with “lands, tenements and hereditaments,” and as embracing all chattels real, “ except leases for terms not exceeding three years.” The term “ purchaser” embraces every person to whom any estate, or interest in real estate, shall be conveyed for a valuable consideration, and every assignee of a mortgage or lease or other conditional estate.” The term “ conveyance” embraces “ every instrument in writing by which any estate or interest in real estate is created, aliened, mortgaged, or assigned, or by which the title to any real estate may be affected in law or equity, except last wills, &c. (Id., p. 762, §§ 36-38.) Whatever relation may exist between the mortgage debt and any other evidence or security for it, or whatever the rights of any holder of such evidence or other security in law or equity may be, the recording acts provide *14 for the general security of those dealing with and taking title to a security upon real estate, and, as a part of the policy of the law, which cannot be abrogated except by the legislature, make a mortgage upon real property a “conveyance,” and make, a mortgagee a “ purchaser,” and secure to him, as such, all the benefits - of the recording acts. Whether courts of equity or of law, or even other statutes, regard the mortgagee as having an estate or interest in the land before foreclosure, or the mortgage as anything other than a security for and incident to the debt, passing with it as personalty, is immaterial in the construction of this statute, which is arbitrary and special, and not in pari materia with other statutes declaring the rights of mortgagors and mortgagee^ and others in other respects, and not inconsistent with the general doctrines of equity and rules of law relating to mortgages and mortgage interests; and if any such inconsistency exists, the judicial must yield to the statutory regulations. If the mortgage, for the purpose of the act, is a conveyance of real estate to the mortgagee as a purchaser, then every transfer or assignment of that mortgage is a conveyance of the same real estate to the assignee, who becomes, within the equity and reason as well as the words of the statute, a purchaser entitled to and within its protection. An estate, or interest in real estate, is assigned by the transfer of the mortgage in the same way and to the same extent that it is conveyed by the mortgage to the mortgagee. By section 37, the assignee of a mortgage is expressly declared to be a “purchaser,” and if a purchaser, it can. be only of the “ real estate ” or the mortgage interest in the premises mortgaged, and not merely of the mortgage debt as a personalty, and which is not within the recording-acts. It gives to the assignee of the mortgage all the protection which is guaranteed to the mortgagee, and even if this section should be regarded as having primary reference to conveyances and claims adverse to the mortgagee as well as his assignee, it, nevertheless, is high evidence of the liberal spirit and intent of the act, and. the intention to protect all as “purchasers” who deal with or take title to interests and estates in realty which are within *15 the purview of the act. The legislature, at the time of the passage of the act, and as a part of it, put a construction upon it by enacting that the recording of an assignment of a mortgage should not be deemed in itself notice of such assignment to a mortgagor, his heirs, &c., so as to invalidate any payment made to the mortgagee. (1 R. S., p. 763, § 41.) Within every principle of construction, this is a legislative declaration that assignments of mortgages are within the recording acts, for all purposes and as to all persons, .except as qualified by the act itself. The Bevisors, in their note to this section, say, “ assignments of mortgages will be included in the term 1 conveyance ’ as thus definedwhich construction, adopted by the legislature, made the qualification necessary. (3 R. S., 2d ed., p. 607.) The Chancellor, in Vanderkemp v. Sheldon (11 Paige, 28), adopted this view of the statute, and held that the principles of the-recording acts, as modified by the Bevised Statutes, extended to an assignment of a mortgage of an interest in real estate. I am not aware that this construction has ever been questioned.
The only other question is, whether the respondents are Iona fide purchasers of this mortgage for a valuable consideration. It is not claimed that they had actual notice of the assignment to the plaintiff; and the only fact which should have led them to suspect a prior assignment and put them on inquiry, was the failure and inability of the assignor to produce and deliver the bond and mortgage. It was a suspicious circumstance, and within the rule as to notice, which has been adjudged to be equitable as well under the recording acts as in other cases involving the question of bona fides, was sufficient to put the party upon inquiry. An omission to make any inquiry or to take any measures' to learn the reason of the non-production, and that the mortgagee, notwithstanding such omission, was still the true owner of the securities, would have been strong evidence of mala fides. Had the purchasers of the mortgage, under such circumstances, made no inquiry, they would have been deemed to have had notice of the facts which, upon inquiry, might have been learned, or, rather, the facts as they actually existed. It would have been a willful neglect of an *16 obvious duty. Not that a party is bound, upon the peril of being postponed to some adverse claimant, to exercise the utmost circumspection, but he may not, upon a knowledge of facts—not a mere surmise or suspicion, but actual knowledge or notice of facts which would lead a prudent man to look further, and to suspect the title concerning which he was about to deal—studiously avoid all inquiry, and omit all examination; and if he does so, he will be chargeable with all the consequences of positive notice, actual fraud or willful neglect. Without disputing as to terms of notice, actual notice, or “constructive notice,” or their proper application, it is well settled that whatever is sufficient to put a party upon inquiry (that is, whatever has a reasonable certainty as to time, place, circumstance and persons), is in equity held to be good notice. (1 Story Eq. Jur., § 400.) This doctrine was applied in a case arising under the recording acts in Grimstone v. Carter (3 Paige, 421); Fuller v. Jackson (6 Wend., 213); Brown v. Blydenburgh (3 Seld., 141); Williamson v. Brown (15 N. Y., 354). The more correct statement of the principle is found in the case last cited, as put forth by Judge Selden, upon a critical review of the leading cases. In substance it is, that knowledge by the purchaser, assignee and mortgagee, of such facts as should put him upon inquiry as to the existence of. some adverse title or claim, is presumptive evidence of actual knowledge of such adverse title and its extent, or that he has negligently omitted to make the proper inquiry, and in either view has no claim to the character of a bona fide purchaser, assignee or mortgagee. In this case the evidence negatives all pretence that the respondents intentionally neglected any precaution to assure themselves of the validity of the title which they were about to acquire. The plaintiffs had negligently omitted to put their title upon record, and by that omission had put it in the power of the mortgagee to perpetrate .a fraud. There was nothing to point the respondents, or any one else, to the plaintiff as the probable or possible owner of the mortgage. They examined the record, where the plaintiff, as a prudent man, should have placed his assignment, and found none. *17 They inquired of the mortgagee, to whom notice of the assignment was, by the terms of the mortgage, to be given, and he had heard of no assignment, and the mortgagee positively affirmed that no assignment had been made, and plausibly excused the non-production of the instrument. The respondents did all they could do to ascertain the truth, unless it' be held that no assignment is valid except the mortgage be produced, or that every assignment is mala fide, as against a prior assignee, unless the mortgage be exhibited. They were only prevented from learning of the assignment by their diligent inquiry, by the negligent omission of the plaintiff to record . his assignment. The presumption which arises from knowledge of facts, to put á party on inquiry, is negatived in this case by the affirmative evidence that the respondents made the inquiry in every direction and to every extent that ordinary prudence, required; and their title should be protected as against one by whose acts the mortgagee was enabled to commit a fraud. As the most blameworthy, or indeed as the only one of the two contestants in the least blameworthy, the plaintiff should sustain the loss occasioned by his own imprudence. Brown v. Blydenburgh (supra) was a case like this, except the party there omitted to make any inquiry of the mortgagor; and it was held that, by reason of such omission, in the absence of the bond and mortgage, the dealing concerning the bond and mortgage was not bona fide. Judge Ruggles says: “ An inquiry of Atwell would have resulted either in a discovery of the fact that the securities had been previously assigned by Atwell, or in a misrepresentation by him of the true state of the case. Such a misrepresentation would have excused Blydenburgh. It would have been evidence of his good faith.” In Williamson v. Brown (supra) this court decided that when a party is put on inquiry by facts and circumstances, exercises due diligence in making inquiry and search after a prior adverse claim, and fails to discover it, the presumption which would otherwise attach to and postpone his title to such prior title is rebutted. Jones v. Smith (1 Hare, 43) is, in principle, decisive of this case. In that case, a party advancing money *18 on a mortgage was informed of a marriage settlement between the mortgagor and his wife, but was told by the mortgagor and his wife that it did not include the premises proposed to be mortgaged, and they excused the production of the marriage settlement by saying that it was in the possession of a third person to whom, for some plausible reason, they did not wish to apply for it. The money was advanced on the mortgage, and it turned out that the representation was untrue, and the marriage settlement did include the mortgaged premises. It was held that the mortgagee used due diligence, and was not, under the circumstances, chargeable .with notice, actual or constructive, of the contents of the settlement. And see Hanbury v. Litchfield (2 M. & K., 629).
The respondents took a valid title to the mortgage, and the judgment must be affirmed, with costs.
Smith, J., also dissented.
Judgment reversed, and new trial ordered.